*FILED*

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

2010 MAY -4  PM 4: 08

CLERK, U.S. DISTRICT COURT
OCALA FLORIDA

**TOSHA HAMILTON,**

      **Plaintiff,**

**vs.**

**CASE NO.**

5:10-CV-187-OC-99 mmH/GRS

**BRINKER INTERNATIONAL**
**PAYROLL COMPANY, L.P.,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF SOUGHT

    Plaintiff **TOSHA HAMILTON** ("Hamilton" or "Plaintiff") brings this action to recover unpaid wages from, Brinker International Payroll Company, L.P. ("Brinker"), ("Defendant" or "Brinker").

### I. NATURE OF SUIT

    1.  The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. § 202(a).  To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers.  29 U.S.C. §§ 206(a) & 207(a).

2. The FLSA allows employers to pay less than minimum wage to employees who receive tips. 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips. *Id.* In order to apply a tip credit toward an employee's minimum wage, an employer must satisfy two conditions: (a) The employer must inform the employee that it will take a tip credit; and (b) tipped employees must retain all the tips they receive, except those tips included in a tipping pool among employees who customarily and regularly receive tips. *Id.*

3. Brinker violated the FLSA by requiring Plaintiff to participate in an invalid tip pool, whereby Plaintiff was required to pay a percentage of her tips to Brinker, which then distributed that portion of tips to employees who did not customarily and regularly receive tips. Accordingly, Plaintiff brings this action to recover unpaid wages under § 216(b) of the FLSA.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically under the FLSA, 29 U.S.C. § 201, *et seq.*

5.   Plaintiff's claims arise under §§ 3(m), 6(a), and 16(b) of the FLSA. 29 U.S.C. §§ 203(m), 206(a), and 216(b). In connection with the acts and course of conduct alleged in this complaint, Plaintiff engaged in commerce or in the production of goods for commerce. Further, Defendants constitute employers that engaged in commerce or in the production of goods for commerce and are, therefore, covered by the FLSA.

6.   Venue is proper in the Middle District of Florida – Ocala Division because a substantial part of the acts and conduct charged herein occurred in this district.

### III. THE PARTIES

7.   Plaintiff Hamilton is a resident of Crystal River, Citrus County, Florida. Plaintiff was an employee employed by Brinker within the meaning of the FLSA.

8.    Defendant Brinker International Payroll Corporation, L.P. is a Delaware limited partnership. Brinker International Payroll Corporation, L.P. is an "employer" under the FLSA and acted as such in relation to Plaintiff Hamilton. Brinker International Payroll Corporation, L.P. may be served with process through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, Texas 78701.

3

## IV. FACTS UNDERLYING THE CLAIMS

9. Plaintiff Hamilton is a former server at Brinker's Chili's Grill & Bar ("Chili's") located in Crystal River, Florida. Brinker paid Plaintiff less than minimum wage, taking advantage of a tip credit, which allowed Brinker to include in its calculation of Plaintiff's wages a portion of the amounts that Plaintiff received in tips. Brinker required Plaintiff to contribute a portion of her total gross sales during each shift to a tip pool controlled by Brinker. Brinker then distributed the entire tip pool between bartenders, bussers, and Quality Assurance workers ("QAs").

10. Brinker's QAs at its Chili's restaurants are not tipped employees. Because Plaintiff, as a tipped employee, was only required to contribute to a tip pool from which other tipped employees would draw, she should have been paid at least minimum wage during those shifts where she was required to tip-out a QA. 29 U.S.C. § 203(m). Because Brinker's QAs at the Chili's restaurant where Plaintiff worked received a portion of Plaintiff's tips, Brinker's practice was in clear violation of the FLSA.

11. Brinker knew or should have known that its policies and practices violated the FLSA, and Brinker did not make a good faith effort to comply with the FLSA. Rather, Brinker knowingly, willfully, and/or with reckless disregard carried out this illegal pattern or practice regarding tip-out to Brinker's QAs at the Chili's restaurant where Plaintiff worked.

4

## V. Causes of Action

12.     Plaintiff incorporates herein all allegations contained in paragraphs 1 through 11.

13.     Brinker's practice of requiring Plaintiff to pay a percentage of her tips to Brinker's QAs at the Chili's restaurant where Plaintiff worked was in violation of the FLSA. 29 U.S.C. § 203(m). Accordingly, Plaintiff is entitled to minimum wage for each hour she worked during shifts where she was required to pay a percentage of her tips to a QA. *Id.*

14.     Additionally, Plaintiff is entitled to an amount equal to all her unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## VI. Jury Demand

15.     Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and in accordance with Rule 1.06 of the Rules of the U.S. District Court for the Middle District of Florida.

## VII. Prayer

16.     WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, awarding her:

   a. minimum wage for each hour she worked during shifts where she was required to pay a percentage of her tips to a QA;

b.  an equal amount as liquidated damages as allowed under the FLSA;

b.  an injunction against further violations;

c.  reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

e.  such other and further relief as may be required by law.

Dated this __4__ day of  May, 2010.


Respectfully submitted,


Steven E. Hovsepian
BARBAS, NUÑEZ, SANDERS,
BUTLER & HOVSEPIAN
FL. Bar No. 0091359
1802 W. Cleveland Street
Tampa, FL 33606
Telephone: (813) 254-6575
Facsimile: (813) 254-4690
E-mail: shovsepian@barbaslaw.com
ATTORNEYS FOR PLAINTIFF KENDRA BRAY

6