UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TOSHA HAMILTON,

                Plaintiff,

v.                                     Case No.  5:10-cv-187-Oc-37TBS

BRINKER INTERNATINAL PAYROLL
COMPANY, L.P.,,

                Defendant.

_____/

## ORDER

Pending before the Court is the parties' Joint Motion to Approve FLSA Settlement and Dismiss with Prejudice (Doc. No. 28).  For the following reasons, the motion is DENIED.

Plaintiff brings her claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq.  In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Id. at 1353.  Before approving an FLSA settlement, the Court must review it to determine if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id.

at 1354.  The parties submitted a copy of their Confidential Settlement Agreement and Release (Doc. 28-1) with their motion and the Court has reviewed it.

The parties have failed to inform the Court whether the defendant has agreed to pay plaintiff's claim in full or if plaintiff has compromised her claim.  If the plaintiff has compromised her claim then the parties have failed to explain why.  In sum, the parties have not provided the facts necessary for the Court to determine whether the proposed settlement is fair.

The settlement agreement contains terms which appear to be inappropriate. The title of the settlement agreement includes the word "confidential." The Court will not approve or enforce any provisions in a settlement agreement calling for keeping the terms of the settlement confidential as such provisions contravene FLSA policy (see Dees v. Hydradry, Inc., 706 F.Supp.2d 1227,1242-43 (M.D. Fla. 2010) and attempt to limit plaintiff's rights under the First Amendment.  See Valdez v. T.A.S.O. Properties, Inc., No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, at *1, n.1 (M.D. Fla. Apr. 28, 2010).

The settlement agreement contains a release in paragraph 5 in which the plaintiff agrees to release the defendant from "[a]ll claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, that arise under or relate in any way to the FLSA, 29 U.S.C. § 201, et. seq., and/or state wage and hour laws and/or for breach of contract, whether economic damages, non-economic damages, restitution, penalties, wages , liquidated damages, interest or attorneys' fees arising out of the Allegations or claims at issue in the Action

(the "Released Claims")."  This Court has determined that such pervasive releases are "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer."  Moreno v. Regions Bank, 729 F.Supp.2d 1346, 1351-52 (M.D. Fla. 2010).  As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny."  Id. at 1352.

The settlement agreement contains a clause titled "Consent to Jurisdiction and Forum Selection" whereby the parties make a mandatory choice of venue in Harris County, Texas or Marion County, Florida.  The complaint alleges that plaintiff is a resident of Citrus County, Florida.  Her consent to jurisdiction in Texas appears to be another uncompensated "side deal" the sole purpose of which is to benefit the defendant.

In FLSA cases, the Court ". . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interests taints the amount the wronged employee recovers under a settlement agreement."  Silva v. Miller, 307 Fed. Appx. 349, 351, 2009 WL 73164 *2 (11th Cir. 2009).  The parties have failed to provide the Court any information with which to discharge its responsibility to review the reasonableness of counsel's fees and expenses.

The Court having denied the parties' motion to approve their settlement agreement, their motion to dismiss this action with prejudice is also DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on December 5, 2011.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel